Per C. Olson, OSB #933863
HOEVET OLSON HOWES, PC
1000 SW Broadway, Suite 1500
Portland, Oregon  97205
Telephone:  (503) 228-0497
Facsimile:  (503) 228-7112
Email:  per@hoevetlaw.com

      Of Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>DAVID LEE FRY,<br><br>          Defendant. | Case No.  3:16-CR-00051-13-BR<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INFORMATION RE USE OF FORCE (#775) |

      Defendant David Lee Fry, through his attorney Per Olson, and on behalf of all

defendants, hereby replies to the Government's Response to Defendants' Motion to

Compel Production of Information Re Use of Force (Docket No. 775).  Defendant's

initiating motion and memorandum are in the record at Docket Nos. 700 and 701.

**1.  The Evidence Sought is Relevant and Material to Rebut the Government's Case-In-Chief**

      Defendants seek the reports of the Department of Justice, Office of Inspector

General, and the Tri-County Major Incident Team regarding the FBI HRT members' use

of force against LaVoy Finicum, false statements to investigators, and tampering with

evidence.  The government argues that the investigation reports are not discoverable

Page 1 – DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
      TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
      INFORMATION RE USE OF FORCE (#739)

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON  97205
(503) 228-0497

under F.R.Cr.P 16(a)(1)(E)(i) because they are not relevant and material to whether "the defendants are guilty or not guilty of the charges alleged in the indictment." (Gov. Resp. 5). On the contrary, evidence of the shooting and the subsequent cover-up is directly relevant to rebut the government's allegations and its case-in-chief.

The "charges alleged in the indictment" include the allegations that certain defendants carried firearms in furtherance of a conspiracy to prevent "by force, intimidation, and threats" federal officials from discharging their duties. *See* Superseding Indictment, page 3 (alleging as overt acts in furtherance of the conspiracy that defendants carried and brandished firearms on the refuge and throughout Harney County). The government also has alleged in Count Two that defendants carried firearms into federal buildings with the intent to commit the alleged conspiracy. Id., page 4. The government's case-in-chief will include evidence offered to prove those allegations.

Defendants have a Due Process right to defend against those allegations and to rebut the government's evidence. Part of their defense will be to say that they carried firearms not in furtherance of the alleged crimes, but rather for defensive purposes and because they feared an assault by FBI and other law enforcement agencies.[1] Thus,

---

[1] The government represents that the FBI HRT did not arrive at the scene until after the occupation began. (Gov. Resp. at 7 n1). Even as we accept that representation, the discovery provided to date provides evidence that several law enforcement agencies were present in the Burns area in response to protest activities of Bundy and others in the weeks leading up to the occupation, and that the FBI (if not the HRT team) played a leadership role in that time period. *See, e.g.,* MNWR_0019671 (email from Oregon State Police official to FBI official dated December 17, 2015, with subject line "OFFICER'S SAFETY INFO," seeking permission to circulate an email).

Hoevet Olson Howes, PC
Attorneys at Law
1000 S.W. Broadway, #1500
Portland, Oregon  97205
(503) 228-0497

what defendants knew, believed or perceived regarding the FBI's use of force goes to the heart of the defense.

Defendants' motion to compel is reasonably calculated to lead to the disclosure of admissible evidence that will tip the scales in defendants' favor and establish that their narrative is more plausible. An FBI HRT agent shot at Mr. Finicum when he had his arms extended in a non-threatening manner. Or, the agent shot at other occupants in the pick-up. Either way, the evidence supports and corroborates the defendants' belief and fear that the FBI was capable of initiating gunfire. The shooting alone, even apart from the cover up, contradicts the expected government narrative that the FBI's "rules of engagement" contemplated that the agents were to shoot only if fired upon. Thus, this evidence is relevant and material to support defendants' explanation regarding their possession of firearms.

The false statements and evidence tampering tip the scales even more in defendants' favor in support of their version of events. In a different world, the FBI agent who fired at Finicum and his truck might have come forward to explain that he perceived a threat and he acted defensively, consistent with his training and the rules of engagement. But because multiple agents lied about the discharge of weapon(s) and removed the shell casings from the scene, the jury will be entitled to disbelieve that explanation. More broadly, the cover-up will cast doubt on the government's position as to what were the true parameters of the FBI's rules of engagement in this particular operation, which, in turn is directly relevant to the factual dispute over defendants' intent in carrying firearms. If the rules of engagement allowed for the shooting of someone who was not brandishing or pointing a weapon at anyone (as in Ruby Ridge), then that

Hoevet Olson Howes, PC
Attorneys at Law
1000 S.W. Broadway, #1500
Portland, Oregon 97205
(503) 228-0497

would have bearing on the reasonableness of defendants' fear of assault.  If this incident involves rogue agents who acted contrary to the rules of engagement and their training, that evidence also would bear on the defendants' intent and conduct, as it would highlight the unpredictability of how FBI agents would respond in any given situation.

The government argues that the incident on January 26 could not possibly be relevant to defendants' mindset before that date, but this argument embraces a very constrained view of how defendants could use this evidence.   The government will attempt to portray the FBI as exercising restraint throughout the occupation and as having adopted a policy of not using any deadly force against the occupants unless fired upon.  But the FBI agents' conduct on January 26 rebuts the government's narrative in that respect.

Similarly, the government argues that the FBI's conduct on January 26 could not have impacted the mindset of the four defendants who remained at the refuge after that date, because the FBI's misconduct was not revealed until after their eventual arrest. But the four remaining defendants did know that Finicum had been shot and killed by law enforcement, and they feared a similar end.  In the absence of the evidence sought here, a juror might think that defendants' fear was unwarranted, and that the defendants would have no reason to fear an unjustified use of force by the FBI.  Again, the evidence of FBI use of force on January 26 and the attempt at a cover-up will assist defendants in persuading the jurors that their mindset was not unreasonable.

In sum, the evidence sought here is directly relevant to rebut the government's core allegations surrounding defendants' possession and carrying of firearms and to

Hoevet Olson Howes, PC
Attorneys at Law
1000 S.W. Broadway, #1500
Portland, Oregon  97205
(503) 228-0497

support the defendants' position as to their intent and conduct.  It is discoverable under

Rule 16(a)(1)(E)(i) because it is material to the defense.  It is also discoverable under

*Brady*, because it is favorable and helpful to the defense.

**2. Rule 16(a)(2) Does Not Bar Discovery of the Investigation Reports**

The government characterizes the OIG and Major Incident Team reports into the

Finicum shooting and cover-up as "internal government reports" not subject to discovery

under F.R.Cr.P. 16(a)(2).  However, by its terms, this rule excludes from discovery only

internal government documents made by government agents "in connection with

investigating or prosecuting *the case*."  F.R.Cr.P. 16(a)(2) (emphasis added).  The rule

does not apply when the documents sought by the defense were prepared in

connection with a different anticipated case.

In *United States v. Cendano-Arellano*, 332 F.3d 568 (9th Cir. 2003) (per curiam),

the Court interpreted Rule 16(a)(2) to apply only to documents generated with a view

toward the prosecution of the defendant.  The Court held that the rule did not except

from disclosure the training records of the drug-sniffing dog who had alerted to

defendant's vehicle, because the records were not made in connection with the

defendant's case.  Also, in *United States v. Fort*, 472 F.3d 1106, 1113-14 (9th Cir. 2007),

the Court read *United States v. Armstrong*, 517 U.S. 456, 462 (1996), as holding that

the term "case" in Rule 16(a)(2) "does not extend to prosecutions against other people."

The "key question in determining the scope of a 'case' under Rule 16(a)(2) [is] whether

it involves the same defendant and the same crime."  *Fort*, 472 F.3d at 1114.

Here, Rule 16(a)(2) does not apply because the government documents that

defendants seek were not made in connection with an investigation into the defendants

Page 5 – DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
    TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
    INFORMATION RE USE OF FORCE (#739)

Hoevet Olson Howes, PC
Attorneys at Law
1000 S.W. Broadway, #1500
Portland, Oregon 97205
(503) 228-0497

for the crimes alleged in the Superseding Indictment; that is, the documents do not relate to "the case." Instead, they relate to an investigation into FBI agents pertaining to different crimes of making false statements and tampering with evidence.

Also, even if it did apply, Rule 16(a)(2) cannot override defendants' constitutional right to the production of exculpatory evidence and impeachment material. See Rule 16 Advisory Committee Notes, 1974 Amendments (*Brady* "requires the disclosure of evidence favorable to the defendant. This is, of course, not changed by [Rule 16(a)(2)]."). *See also Fort*, 472 F.3d at 1109-10 (emphasizing that its discussion of the scope of Rule 16(a)(2) must not be read to "diminish or dilute the government's *Brady* obligations" with respect to exculpatory evidence).

### 3. The Evidence of the Finicum Shooting and Cover-Up Is Admissible

Before the Court is defendant's motion to compel production of the investigation into the FBI use of force against Finicum and the cover-up. The government's response is that the investigation reports are not discoverable, because the shooting and cover-up are not relevant to the issues to be tried in this case. In light of that position, the government may seek to exclude all evidence of the FBI use of force and subsequent cover-up at trial. However, the evidence is relevant and admissible for the reasons set forth here and in defendant's opening memorandum. Also, the exclusion of evidence in support of their defense would violate the defendants' due process right to a fair trial. *See Washington v. Texas*, 388 U.S. 14, 19 (1967) (The accused has a fundamental due process right to present a defense, which includes calling witnesses and presenting the defendant's version of the facts).

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497

If the Court were to limit the discovery sought in any way, at the very least,

defendants should be entitled to know the identities of OSP troopers and other law

enforcement officials whose statements have been provided in discovery in redacted

form, so that they may be subpoenaed for trial.  This includes the troopers who were at

the scene of the shooting, as well as the investigators who conducted the subsequent

officer involved shooting.

**4.  Conclusion**

The Defendant's Motion to Compel Production of the Investigation of the FBI Use

of Force and Cover-Up in the Finicum Shooting should be granted.  At the very least,

the identities of officers involved in this matter must be revealed to the defense so that

they may be subpoenaed to trial.

DATED this 29th day of June, 2016.

HOEVET OLSON HOWES, PC


 s/ Per C. Olson                           
Per C. Olson, OSB #933863
Attorney for Defendant David Fry

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON  97205
(503) 228-0497