```
                 IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION


UNITED STATES OF AMERICA,      )
                               )
                    Plaintiff, )  Case No. 3:16-cr-00051-BR-6
                               )
           v.                  )
                               )  October 25, 2016
BRIAN CAVALIER,                )
                               )
                    Defendant. )  Portland, Oregon
_____)




                             SENTENCING

                      TRANSCRIPT OF PROCEEDINGS

                 BEFORE THE HONORABLE ANNA J. BROWN

                 UNITED STATES DISTRICT COURT JUDGE
```

```
 1                            APPEARANCES

 2   FOR THE PLAINTIFF:
                              CRAIG J. GABRIEL
 3                            U.S. Attorney's Office
                              1000 SW Third Avenue
 4                            Suite 600
                              Portland, OR 97204
 5

 6   FOR THE DEFENDANT:
                              TODD E. BOFFERDING
 7                            Attorney at Law
                              1215 B Street
 8                            P.O. Box 539
                              Hood River, OR 97031
 9

10   FOR THE DEFENDANT:

11                            MACE YAMPOLSKY
                              Mace Yampolsky & Associates
12                            625 S 6th Street
                              Las Vegas, NV 89101
13

14

15

16

17

18

19   COURT REPORTER:          Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
                              United States District Courthouse
20                            1000 SW Third Avenue, Room 301
                              Portland, OR 97204
21                            (503)326-8191

22

23                              *   *   *

24

25
```

```
 1                    TRANSCRIPT OF PROCEEDINGS
 2                         (October 25, 2016)
 3   (In open court:)
 4              THE COURT:  Good morning, everyone.  Please be
 5   seated.  I apologize for the delay.  We had matters related for
 6   the ongoing trial that are still pending, but we've taken a
 7   recess to address this.
 8              MR. GABRIEL:  Thank you, Your Honor.  Craig Gabriel
 9   for the United States.  We're here in the matter of United
10   States v. Brian Cavalier.  It's Case No. 16-cr-00051.
11   Mr. Cavalier is defendant number six in the case.  The Court
12   has received victim impact statements in the case.  We've also
13   provided those to counsel.
14        The guideline calculation is as follows:  There's a base
15   offense level of ten, a three-level firearm enhancement.  Minus
16   two levels for acceptance of responsibility.  Plus seven levels
17   under Section 3A1.4, Note Four.  And then pursuant to other
18   guidelines factors, the parties are recommending seven levels
19   off.  That leads to a total offense level of 11.
20        Mr. Cavalier is in Criminal History Category I.  The
21   advisory guideline range is, therefore, 8 to 14 months.
22   Mr. Cavalier has been in custody for nine months, and the
23   parties are jointly recommending a sentence of time served,
24   which would be a guideline sentence in this case.
25           The parties are further recommending that the sentence
```

1  imposed here in the District of Oregon be concurrent to any
2  sentence that might be imposed in District of Nevada
3  Case No. 2:16-cr-46-GMN-PAL.
4      The parties are further recommending three years of
5  supervised release with the conditions in the presentence
6  report, with the exception of reentry court, Your Honor.
7      And then, finally, with respect to restitution, the
8  parties agree that some restitution is owing but that the
9  calculation of restitution is complex.  So the parties are
10 agreeing that the Court should retain jurisdiction over
11 restitution for a period longer than 90 days for a final
12 restitution determination.
13         THE COURT:  Apart from the seven-level guideline --
14 the downward seven levels, all the other guideline factors are
15 as set out in the presentence report?
16         MR. GABRIEL:  Correct, Your Honor.
17         THE COURT:  Mr. Bofferding?
18         MR. BOFFERDING:  Good afternoon, Your Honor.
19         THE COURT:  Would you introduce your colleague here?
20         MR. BOFFERDING:  Yes, Your Honor.  This is
21 Mace Yampolsky, attorney from Nevada.  He's a CJA counsel
22 assigned in the District of Nevada.
23         MR. YAMPOLSKY:  Good afternoon, Your Honor.
24         THE COURT:  Good afternoon.
25      Good afternoon, Mr. Cavalier.

1          MR. BOFFERDING:  Your Honor, we do not have any
2   objections to the presentence report, and the only thing I
3   would like to add to the record is that we do understand that
4   restitution is complex and that the Court will make that
5   determination likely at a hearing longer than 90 days that's
6   required by statute, and we would waive those 90 days for that
7   purpose.  He did plead guilty to Counts 1 and 2.
8          We do recommend and make -- we're asking the Court to
9   recommend that the supervised release be served in the state
10  where he actually ends up living, which is either going to be
11  southern Nevada or in Arizona.  And we're requesting a specific
12  recommendation from the Court that it not be Oregon.  He
13  doesn't have much of a desire, really, to come back to Oregon.
14         And as far as the standard supervised release conditions,
15  there were two of them in the presentence report:  Two, which
16  is reentry court, and seven is no contact with defendants.  I'm
17  asking that neither of those be in place.
18         He has been in custody for nine months -- actually, nine
19  months as of today -- which is within the guideline range.
20  We're all right with three years of supervised release so he
21  may be released to Nevada so he can deal with the charges down
22  there.
23         THE COURT:  With respect to the proposed conditions,
24  number eight and nine, have you reviewed those with him --
25         MR. BOFFERDING:  I have.

```
 1              THE COURT:  -- with respect to not camping on federal
 2   land and not entering upon federal land managed by the BLM or
 3   Fish & Wildlife or the National Park Service of the Forest
 4   Service without prior approval?
 5              MR. BOFFERDING:  We understand.
 6              THE COURT:  You've reviewed all of those?
 7              MR. BOFFERDING:  We have.
 8              THE COURT:  There's no objection to those?
 9              THE DEFENDANT:  No objection.
10              THE COURT:  With respect to the "no contact with
11   co-defendant" condition, this is being proposed as a condition
12   of supervised release.  Assuming the Court imposes a sentence
13   of time served, that will be as of today; but the supervised
14   release term would not commence until the defendant is
15   available for supervision; that is, until he's released from
16   the Nevada hold at some point in the future.  Is that correct?
17              MR. GABRIEL:  That's correct, Your Honor.  He has a
18   detainer from the District of Nevada.  Were the Court to follow
19   the parties' recommendation, he would be transported in the
20   marshals' custody until the conclusion of his Nevada case and
21   any sentence that was a result of that, and only after he was
22   released from Nevada would these supervised release conditions
23   become effective.
24        So this condition would in no way affect his ability or
25   his lawyer's ability to interact with other defendants or
```

1    defense counsel during the pendency of his Nevada case.
2        We do believe, however, that the no-contact condition upon
3    his ultimate release is appropriate in the case.
4            THE COURT:  All right.  Mr. Bofferding, do you want
5    to be heard any further on that --
6            MR. BOFFERDING:  No, Your Honor.
7            THE COURT:  -- condition number seven?
8        Mr. Cavalier, good afternoon.
9            THE DEFENDANT:  Good afternoon.
10           THE COURT:  I need to confirm you've seen the
11   presence report and reviewed it with your attorneys.  Have
12   you?
13           THE DEFENDANT:  Yes, ma'am.
14           THE COURT:  And before I proceed, I'm required to
15   listen if there's anything you would like to add to what has
16   been said.
17           THE DEFENDANT:  I have no comment.
18           THE COURT:  You have nothing else to say?
19           THE DEFENDANT:  Yes, ma'am.
20           THE COURT:  Did you see the letter what
21   Mr. Bofferding sent to me?
22           THE DEFENDANT:  Yes.
23           THE COURT:  All right.  And you were aware of the
24   government's sentencing memorandum consistent with the position
25   stated today?

1           THE DEFENDANT:  Yes, ma'am.

2           THE COURT:  All right.  The presentence report
3   reflects the guidelines analysis initially summarized by the
4   government, and the Court adopts the presentence report
5   guidelines analysis as its own.  A base offense level of ten,
6   plus three, as recommended, minus two for acceptance, and plus
7   seven, which leads to an initial offense level of 18,
8   Category I.  And then the seven levels the parties have agreed
9   in reduction as part of their plea agreement.

10          The Court, having considered all of the information in the
11  presentence report, going back to Mr. Cavalier's allocution at
12  the time of his change of plea and now, even being more fully
13  advised about the nature and circumstances of the underlying
14  conspiracy conduct that Mr. -- Mr. Cavalier admitted, finds
15  that the parties' plea agreement for a net sentence at a level
16  11, Criminal History Category I, and a time-served sentence of
17  nine months, with three years of supervised release is itself
18  reasonable, sufficient, and not greater than necessary to
19  accomplish all of the sentencing purposes the Court is required
20  to consider.

21          So I am imposing the sentence that the parties, in fact,
22  agree to and have recommended.

23          What that means is that, Mr. Cavalier, on each count.
24  Count 1 and Count 2, I'm sentencing you to concurrent
25  time-served terms; meaning, you've fulfilled the custody

1  provision of the sentence.  This is to be followed by a period
2  of three years of supervised release, but that supervision will
3  not commence until you have been released from the District of
4  Nevada on the hold there.
5       If you're released without any consequences there, then
6  the supervision here will begin.  If you're found guilty there
7  and sentenced to a term of imprisonment, the supervised release
8  here won't start until that term of imprisonment concludes, and
9  it likely would run concurrently with supervision there.
10      The conditions of supervision are as generally explained
11 in the presentence report, but at their core they're designed
12 to ensure that you obey all laws, that you report truthfully
13 and regularly to your probation officer, and that you move on
14 with your life in a way that is law abiding.
15      You'll have to get a job or go to school.  You'll have to
16 be engaged in a productive way so that the probation officer is
17 assured what you're making progress.  And especially you'll
18 have to engage in work so that you generate income to the
19 extent there is a restitution obligation imposed.  You're going
20 to be required to pay it and make reasonable monthly payments
21 toward it as to the best of your ability.  Willful refusal to
22 pay restitution once it's imposed, can require -- can support a
23 finding that your supervised release would be revoked and you
24 could be sent back to prison.
25      Any new law violation could be a basis to find you in

1  violation of supervised release and send you back to prison.
2       The conditions also include -- number seven and eight --
3  that you not go on to -- let me be precise here -- occupy,
4  reside on, or camp on any federal land without prior approval
5  of your probation officer; meaning, you would have to arrange
6  it in advance, get your probation officer's approval.
7  Likewise, you must not enter onto any federal lands managed by
8  the BLM, the Fish & Wildlife Service, the National Park
9  Service, or the Forest Service, again, without prior approval
10 of your probation officer.  If it's approved, of course you can
11 do that.
12      This restitution issue, with respect to you and the others
13 already sentenced and others who may yet to be sentenced, the
14 matter is going to be deferred to a time when many people
15 affected by it can be heard at one time.  And although the
16 rules anticipate that a decision would be made in 90 days, in a
17 complex case like this one, the Court has authority to extend
18 it, and I'm doing that now.
19      You and the government have agreed that some restitution
20 is owing.  What that amounts to I know will be contested as to
21 its nature and extent, and so to the extent there remain
22 disputes, there will be a time where there will be a hearing,
23 and the government will have to prove up its allegations with
24 witnesses.  You and the others potentially affected will have
25 an opportunity to challenge and to call witnesses of your own,

1  and, in the end, the Court will make findings and impose an
2  award.
3     Assuming all the people affected are equally culpable, it
4  could be a situation where all are required to pay it, but only
5  one or two may have the means to do it.  But anyone is subject
6  to being garnished or collected against in order to get it paid
7  if that person should have the resources.  If any one person in
8  a joint and several liability situation feels he or she has
9  paid more than his fair share, then the redress is against the
10 other person who hasn't paid their fair share.  The obligation
11 is owed by all until it's paid.
12    So there will be a judgment that's entered.  If there was
13 an inheritance or you're coming into money that you don't
14 expect to get or might get, those are things that could be
15 collected against that.  Do you understand?
16         THE DEFENDANT:  Yes, ma'am.
17         THE COURT:  All right.  There are conditions in your
18 presentence report, then -- the so-called financial conditions
19 of supervision, and they're intended to ensure your probation
20 officer knows what your resources are -- your income and your
21 debts, your expenses, and the like.  You're not allowed to
22 incur any new debts that are beyond what's specified in the
23 conditions without permission.  You will have to report your
24 income into one account, pay your bills out of that account,
25 and the like, just to ensure that if you have the means or

1  there will be a -- an opportunity to ensure that the
2  restitution gets reduced.
3      I'm not imposing a reentry court condition.  There's not
4  any basis here to do that.  I am requiring that you provide a
5  DNA sample to your probation officer, if requested, and then
6  once the -- once restitution is determined, then you're
7  required to pay it.  And it's a judgment that is due in full as
8  soon as it's entered, and, thus, it could be collected upon as
9  I indicated.
10     Now, with respect to the "no contact with co-defendants"
11 condition, I am going to impose that as an initial condition of
12 your supervised release.  So not until supervised release
13 starts.  It's an initial condition, which means you need to
14 work through your probation officer.  If you believe there's a
15 reason for you to have contact with anyone who has been accused
16 in this case and any of the other 25, then you need to address
17 it with your probation officer.  And if your probation officer
18 permits it, you may have that contact.  If your probation
19 officer denies it and you think that is wrong, then you bring
20 it to the Court to have it worked out in advance.  But if you
21 had unauthorized contact once on supervised release, that will
22 be a violation if it results in your being taken into custody
23 if serious enough.
24     But that doesn't go into effect now.  There's nothing in
25 effect now in this case that precludes from you having contact

1  with your co-defendants here, especially those who are also
2  accused in the Nevada case.
3      I recognize you need to get prepared there and address
4  those matters, so you and your counsel are free to do whatever
5  is reasonable in that respect.
6      It is my intention that the sentence I just imposed run
7  concurrently, meaning at the same time with any sentence
8  imposed in Nevada; but you need to understand that I don't
9  control the Nevada outcome.  If you are found guilty there, the
10 sentencing judge there could impose a consecutive position
11 because that would be that judge's authority to decide.  I
12 can't control it.  All I can say is that I don't intend your
13 case to run consecutively.  I intend it to run concurrently.
14     There's a $100 statutory assessment required for both of
15 the felony counts.  It's in your interest to get those paid
16 sooner, rather than later, because as long as they're on the
17 books, once you're in BOP custody -- not in Las Vegas, but in
18 BOP custody -- they can start taking money off your account to
19 get those paid.  So it's in your interest to get those paid.
20     You've given up your right to appeal to a higher court the
21 fact that I allowed you to plead guilty and any challenge to
22 any sentence imposed, as long as I did not sentence you any
23 higher than the correctly calculated guideline range, and,
24 indeed, I sentenced you seven levels lower pursuant to
25 guidelines.  So, in my judgment, you don't have any right to

1  appeal.
2  　　　The restitution piece is going to be separate.  A final
3  judgment is going to enter on your conviction and sentence
4  today or tomorrow.  There's a 14-day window within which to
5  file a notice of appeal if you intended to challenge it; but if
6  you did, you can count on the fact that Mr. Gabriel would move
7  to dismiss the appeal because you have a deal.  You, indeed,
8  have a deal not to appeal if I didn't sentence you higher.
9  　　　Do you understand?
10 　　　　　　THE DEFENDANT:  Yes, ma'am.
11 　　　　　　THE COURT:  Finally, I recommend that Mr. Cavalier's
12 supervised release be under the jurisdiction of the United
13 States District Court in the district where he intends to
14 reside upon commencement of his supervised release.  He has no
15 ties to the District of Oregon, and it would be improvident to
16 require his supervision here.  And so I recommend that once his
17 supervision begins, there would be deliberate discourse to
18 determine where it's in the defendant's best interest to be
19 supervised.
20 　　　Are there any other matters I need to address for the
21 government?
22 　　　　　　MR. GABRIEL:  Mr. Cavalier was named in the
23 underlying original indictment.  We move to dismiss that
24 against him.
25 　　　　　　THE COURT:  Yes.  His pleas to Counts 1 and 2 arise

```
 1   in the superseding indictment.  All other charges in any form,
 2   by complaint, original indictment, or otherwise, are dismissed.
 3            MR. GABRIEL:  Thank you, Your Honor.  That's all.
 4            THE COURT:  Mr. Bofferding, anything else?
 5            MR. BOFFERDING:  One moment.
 6        No, Your Honor.  Nothing to add.
 7            THE COURT:  Good luck to you, Mr. Cavalier.
 8            THE DEFENDANT:  Thank you.
 9            MR. BOFFERDING:  Thank you, Your Honor.
10            THE COURT:  We're in recess on this matter.
11                       (Hearing concluded.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                        C E R T I F I C A T E

 2

 3          United States of America v. Brian Cavalier

 4                       3:16-cr-00051-BR-6

 5                            SENTENCING

 6                         October 25, 2016

 7

 8          I certify, by signing below, that the foregoing is a

 9  true and correct transcript of the record, taken by

10  stenographic means, of the proceedings in the above-entitled

11  cause.  A transcript without an original signature, conformed

12  signature, or digitally signed signature is not certified.

13

14  /s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
    _____
15
    Official Court Reporter       Signature Date: 2/12/18
16  Oregon CSR No. 98-0346        CSR Expiration Date:  9/30/20
```